977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donna Land MALDONADO, Barbara Land Cuch, Plaintiffs-Appellants,
v.
Donald P. HODEL, in his official capacity as Secretary of
the Interior, Ross O. Swimmer, in his official
capacity as Assistant Secretary of the
Interior for Indian Affairs,
Defendants-Appellees.
 No. 89-4035.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1990.
 
 Before TACHA and SETH, Circuit Judges, and BROWN,* District Judge.
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 Plaintiffs Donna Land Maldonado and Barbara Land Cuch, two "mixed blood" Ute Indians, brought this action against the Secretary of the Interior and the Assistant Secretary of the Interior for declaratory relief relating to certain federal actions taken in the early 1960's pursuant to the Ute Partition Act, 25 U.S.C. §§ 677-677aa (1982) (Act). The district court dismissed their complaint upon determining that they had failed to state a claim upon which relief could be granted. Plaintiffs appeal and we affirm.[1]
 
 
 2
 An excellent summary of the Act and its implementation is set forth in both the district court's published opinion in this action, see Maldonado v. Hodel, 683 F.Supp. 1322, 1323-25 (D.Utah 1988) and in the Supreme Court's opinion in Affiliated Ute Citizens v. United States, 406 U.S. 128, 133-39 (1972). As relevant to this decision, it is necessary only to state that the Act provided, among other things, for the termination of mixed-blood Ute Indians as federally recognized Indians and for the partition and distribution of the Ute Indian Tribal assets of the Uintah and Ouray Reservation in Utah between the mixed-blood group and full-blood Ute Indians. 25 U.S.C. § 677. Under a Distribution Plan prepared by the mixed bloods and approved by the Secretary, the mixed bloods each received, in addition to their share of divisible tribal assets, ten shares of the Ute Distribution Corporation (UDC), which was formed by the mixed bloods to manage their share of income from oil, gas and mineral rights and other tribal assets that were not susceptible to equitable and practicable distribution. See Affiliated Ute Citizens, 406 U.S. at 136. UDC stock was freely alienable upon satisfaction of certain conditions stated in UDC's articles of incorporation and federal regulations. Id. at 137-38. Upon distribution of these shares and divisible tribal assets, the Secretary, as provided in the Act, terminated plaintiffs and other mixed-blood Ute Indians as federally recognized Indians. See 26 Fed.Reg. 8042 (Aug. 24, 1961). This termination proclamation also terminated the federal trust over the mixed bloods' property. Id.; see Affiliated Ute Citizens, 406 U.S. at 149-50. Plaintiffs apparently sold their UDC shares some time after issuance of this proclamation.
 
 
 3
 Plaintiffs now claim in this action that the Secretary violated the Act and breached fiduciary duties owed them when he approved the Distribution Plan, promulgated regulations permitting the alienation of UDC stock and issued the proclamation terminating plaintiffs' status as federally recognized Indians and the federal trust relationship over their property, including the UDC stock. As relief for these alleged errors, plaintiffs seek a declaration that, among other things, they are entitled to receive federal services available to other Indians.
 
 
 4
 The district court dismissed these claims on the ground that each had been previously litigated and decided, either expressly or impliedly, by the Supreme Court in Affiliated Ute Citizens v. United States, 406 U.S. 128 (1972) and by this court in Reyos v. United States, 431 F.2d 1337 (10th Cir.1970), aff'd in part and rev'd in part sub nom. Affiliated Ute Citizens v. United States, 406 U.S. 128 (1972). See Maldonado, 683 F.Supp. at 1327-28. We agree. In Affiliated Ute Citizens, the Supreme Court expressly approved formation of the UDC, and hence also approved the Distribution Plan's provision for UDC's formation. See 406 U.S. at 136, 143-44. The Court further approved the alienability of UDC stock. See id. at 150 (stating that UDC stock was "free of restriction ... [such that] [t]here was no remaining governmental authority over those shares."); see also 25 U.S.C. § 677n (granting mixed-blood members the right to dispose of property received in the distribution of tribal assets). The Court also expressly stated that the termination proclamation properly terminated the federal government's supervision over UDC and its shares. Affiliated Ute Citizens, 406 U.S. at 149-50; see Reyos, 431 F.2d at 1343. Finally, as recognized in both Affiliated Ute Citizens, 406 U.S. at 150, and Reyos, 431 F.2d at 1343, the Act itself expressly provides for the termination of mixed bloods' status as federally recognized Indians upon completion of the Distribution Plan. See 25 U.S.C. § 677v.
 
 
 5
 Given the precedent established by these cases, we agree that plaintiffs have failed to state a claim upon which relief may be granted and therefore affirm the district court's dismissal of this action. Because we decide this appeal based on an analysis of the merits of plaintiffs' claims, we do not reach or decide the Secretary's additional argument that this action is barred by the statute of limitations stated in 28 U.S.C. § 2401 or express any opinion as to the district court's holding on this issue.
 
 
 6
 For the reasons stated above, the judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument